IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **TROY MICHAEL KELL,** | |
| Petitioner, | MEMORANDUM DECISION AND ORDER GRANTING STAY |
| vs. | |
| **STEVEN TURLEY,** | Case No.  2:07cv359DAK |
| Respondent, | Judge Dale A. Kimball |

      This matter is before the court on Petitioner Troy Michael Kell's Motion to Stay Federal Habeas Proceeding.  The motion is fully briefed.  The court concludes that a hearing would not substantially aid in its determination of the motion.  Accordingly, the court issues the following Memorandum Decision and Order based on the materials submitted by the parties and the facts and law relevant to the motion.

      Petitioner asks the court to stay his federal habeas proceedings through and until resolution of his currently pending state post-conviction proceedings.  Petitioner has a pending Rule 60(b) motion in Utah state court which claims that he has received grossly negligent and ineffective assistance of counsel from his appointed state post-conviction counsel.  In *Menzies v. Galetka*, 150 P.3d 480 (Utah 2006), the Utah Supreme Court ruled that a death-sentenced prisoner was entitled to vacate the judgment in his post-conviction case under Rule 60(b)(6) of the Utah Rules of Civil Procedure due to the ineffective assistance of post-conviction counsel.

*Id.* at 517.  Under 28 U.S.C. Section 2554(c), a federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  *Menzies* demonstrates that a Rule 60(b) motion can be successful in certain cases.  Therefore, Petitioner's pending Rule 60(b) motion may provide him with an available procedure through which he may be able to exhaust several claims.

In *Rhines v. Weber*, 544 U,S. 269, 278 (2005), the Supreme Court held that when a state prisoner files a habeas petition that raises both exhausted and unexhausted claims, federal district courts may stay the federal proceeding pending the outcome of a state court's resolution of properly filed unexhausted claims. To obtain a stay, the petitioner must establish: (1) he has good cause for failing to exhaust state remedies; (2) his unexhausted claims are potentially meritorious; and, (3) he has not engaged in intentionally dilatory litigation tactics.  *Id.*

Following *Rhines*, the Supreme Court construed "good cause" as "reasonable confusion about whether a state filing will be timely."  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).  In this case, Petitioner had good cause for filing this federal petition because he has a reasonable concern about whether his currently pending Rule 60(b) motion will be considered properly filed to further toll the one-year time period for seeking federal habeas relief under 28 U.S.C. § 2244(d)(2).  The filing of this federal action protects Petitioner from being deemed time-barred while the State court determines the timeliness and/or merits of the Rule 60(b) motion.

The State relies on Judge Stewart's decision in *Carter v. Friel*, 415 F. Supp. 2d 1314 (D. Utah 2006).  But his decision to deny a *Rhines* stay stated "that the Court is not ruling on the

appropriate construction of 'good cause' in other circumstances such as the 'protective petition' situation discussed in *Pace* and applied in *Menzies*."

Next, Petitioner must demonstrate that his unexhausted claims are potentially meritorious. Petitioner has demonstrated, based on *Menzies*, that a Rule 60(b) motion can be a successful mechanism for exhausting claims that are potentially meritorious. And, Petitioner has submitted an affidavit from an Arizona attorney opining that Petitioner's state post-conviction counsel were ineffective. If the State court grants Petitioner's motion, he will be able to fully assert his claims. This court need not determine the merits of the Rule 60(b) moton in order to allow a stay. In *Rhines*, the Supreme Court acknowledged that federal district courts have the discretion to stay federal habeas proceedings except when the petitioner's claims are "plainly meritless." 544 U.S. at 277. On the record before the court, the court cannot conclude that the claims are plainly meritless.

Finally, the court must consider whether Petitioner has engaged in any intentionally dilatory litigation tactics. Petitioner claims that he is not engaging in abusive litigation tactics or intentional delay, but is instead seeking to ensure AEDPA's principle that he first seek to exhaust his claims in state court. The court does not view the filing of a protective federal habeas petition, the Rule 60(b) motion, or the present motion to stay as dilatory litigation tactics. Petitioner filed the habeas petition out of an abundance of caution as a result of AEDPA's statute of limitations, he has filed the Rule 60(b) motion in the State court to invoke the rights available to him under *Menzies*, and seeks a *Rhines* stay based on principles of comity. Furthermore, the court can remain apprised of the State court proceedings through status updates and ensure that

this action commences in a timely matter when the state proceedings conclude.

     Accordingly, the court concludes that under principles of comity and federalism which underlie the exhaustion doctrine, this court should grant a stay of Petitioner's federal habeas proceedings pending the State court's ruling on Petitioner's Rule 60(b) motion.  Petitioner shall provide this court with status updates every three months from the date of this Order.  Petitioner shall also notify this court immediately at the conclusion of the state court proceedings and file an amended federal habeas petition within 60 days of the conclusion of the State court proceedings.

     DATED this 7th day of October, 2009.

                                          BY THE COURT:

                                          _____
                                          DALE A. KIMBALL
                                          United States District Judge