# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **TROY MICHAEL KELL,**<br><br>Petitioner,<br><br>v.<br><br>**SCOTT CROWTHER, WARDEN, UTAH STATE PRISON;**<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>**2:07-CV-00359-CW-PMW**<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]

## BACKGROUND

The Utah Department of Corrections and Rollin Cook, Executive Director, (hereinafter collectively the "UDC") previously sought to quash or modify Petitioner Troy Michael Kell's ("Petitioner") subpoena to Mr. Cook.[2] In granting in part and denying in part that motion, the court stated:[3]

> UDC has not made the required "substantial showing" of the harm that would result from producing the documents on the privilege log to Mr. Kell's counsel, partly because such a finding would require the court to assume the worst about the discovery process and Mr. Kell's counsel without any basis for doing so, and partly because UDC has not articulated why producing the documents on the privilege log pursuant to the protective order would result in the harm that it predicts.

---
[1] Docket no. 78.
[2] Docket no. 148.
[3] Docket no. 168.

. . . .

> Without the threshold showing of privilege made by UDC, the court will not engage in the balancing test to determine the relevance of the requested discovery.[4]

The UDC filed a partial objection to the order, which was overruled.[5] In overruling the objection, Judge Waddoups granted the UDC leave to file supplemental material to attempt to establish that the UDC had met the "substantial threshold standard" articulated in *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987).[6]

On February 23, 2016, UDC filed supplemental briefing, including a supplemental declaration by Jerry Pope, Director of Institutional Operations for the UDC.[7] UDC also noted that it had narrowed the scope of documents that it is attempting not to disclose and provided an updated list of those documents.[8] UDC had previously submitted two declarations in support of its assertion of the privilege: the declaration of Director Pope[9] and the declaration of James Hudspeth.[10] On March 8, 2016, Petitioner filed his opposition.[11]

## ANALYSIS

The court reviews the supplemental materials to determine if UDC has met the "substantial threshold standard." To make the "substantial threshold" showing discussed in *Kelly*, UDC must establish through competent declarations "what interests would be harmed, how disclosure under a protective order would cause the harm, and how much harm there would be" if the documents at issue are disclosed. *Kelly*, 114 F.R.D at 669 (emphasis omitted).

---

[4] Docket no. 168 at 11.
[5] Docket nos. 170 and 180.
[6] Docket no. 180 at 4.
[7] Docket no. 181-2.
[8] *Id.* at 3; docket no. 181-1 at 2.
[9] Docket no. 148-7.
[10] Docket No. 153-1.
[11] Docket no. 182.

Specifically, a declaration must: (1) establish that the official collected the privileged material at issue; (2) establish that the declarant personally reviewed it; (3) identify the government interest threatened by disclosure; (4) describe how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interest; and (5) project how much harm would result if disclosure were made. *See id.* at 670; *see also Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995); *Chism v. Cnty. of San Bernardino*, 159 F.R.D. 531, 533 (C.D. Cal. 1994).

Based on UDC's submissions to the court, including the supplemental materials, the court finds that UDC has met the substantial threshold requirement. Director Pope identified, collected, and personally reviewed the materials in question. Director Pope further represented that the records at issue are classified as "protected" records under the Utah Government Records Access and Management Act ("UGRAMA") and declared that the records have been maintained as confidential by UDC in accordance with UGRAMA.[12]

The UDC also identifies by declaration the governmental interests that would be threatened by disclosure of the records, including the UDC's interest in protecting the life and safety of officers, inmates, and the public.[13] In particular, Director Pope notes that during executions, groups of people routinely congregate around the prison property. These protestors or spectators can and do act in unpredictable, extreme, or hostile ways. Threats of violence are made against UDC officials, prison staff, the executioners, the inmate being executed, and the facility itself. UDC must take these threats seriously, as well as the risk that an inmate may seek to act out or have others act out in hostile and desperate ways leading up to an execution.

---

[12] *See* docket no. 181-2 at ¶¶ 3, 8, 11, 12, and 21.
[13] *See* docket No. 181-2.

The fourth element of the threshold test requires UDC to describe how disclosure subject to a carefully crafted protective order would create a substantial risk of harm. UDC notes that even the most carefully crafted protective order cannot ensure that the parties will comply with its terms. While it is unlikely that Petitioner's counsel would knowingly violate the protective order, the potential harm if there was a disclosure is so severe that even a minimal chance of an unauthorized disclosure poses a great risk. The potential harm in this case is not limited to economic or reputational damage or invasion of privacy—it is the potential for severe injury or death to officers, inmates, and others. The risk of unauthorized disclosure is even greater here given serious allegations regarding Petitioner's history of influencing or manipulating officers, attorneys, and others to circumvent UDC security and jeopardize the safety of others.

Finally, the threshold test requires UDC to project the quantum of harm that could result from improper disclosure. Director Pope stated that unauthorized or inadvertent disclosure could have dire consequences, including injury or death for officers, inmates, or public citizens.[14] While the chance of an unauthorized disclosure appears limited, the grave harm that would result suffices for purposes of meeting the substantial threshold showing requirement.

## CONCLUSION

The court concludes that UDC has met the substantial threshold requirement, thus permitting the court to engage in the traditional balancing test. Of particular concern to the court in applying that test is the fact that the records sought appear to have little actual relevance to Petitioner's claims. As Petitioner bears the burden of establishing how the documents are relevant, the court ORDERS as follows: Petitioner has fourteen (14) days from the date of this order to submit additional briefing and declarations describing *specifically* how each of the

---

[14] *See* docket no. 181-2 at ¶ 27.

requested documents are relevant to the litigation, and what interests would be harmed if the material was not disclosed. UDC will have fourteen (14) days thereafter to file a response, if desired. No reply brief will be permitted. The court will then balance UDC's interest in nondisclosure against Petitioner's interest in obtaining these documents.

**IT IS SO ORDERED.**

DATED this 18th day of July, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge