UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TROY MICHAEL KELL,<br><br>      Plaintiff,<br><br>v.<br><br>SCOTT CROWTHER, WARDEN, UTAH STATE PRISON;<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>2:07-CV-00359-CW<br><br>District Judge Clark Waddoups |

   On November 16, 2017, the court, in a written order, granted Mr. Kell a limited stay and abeyance only with respect to Claim 3(F) of his Amended Petition so that he could properly exhaust that claim in state court. (ECF No. 258.) The court found that under *Rhines v. Weber*, 544 U.S. 269 (2005), Kell had shown a potentially meritorious claim, good cause for the stay and that his tactics were not abusive or dilatory. When addressing the good cause element, however, the court noted a lack of agreement on what that term means, and a lack of controlling Tenth Circuit precedent. The court's decision was not a final appealable decision, and the State now seeks certification under 28 U.S.C. § 1292(b) to pursue interlocutory appellate review of the following legal question: What "good cause" standard must a federal habeas petitioner satisfy to obtain a stay-and-abeyance of federal habeas proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005)?

   Title 28 of the United States Code addresses the court of appeals' limited appellate jurisdiction over interlocutory decisions. Respondent relies on a subpart of 28 U.S.C. § 1292, which sets forth an exception to the general rule that interlocutory decisions are not appealable:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a *controlling question of law* as to which there is *substantial ground for difference of opinion* and that *an immediate appeal from the order may materially advance the ultimate termination of the litigation*, he shall so state in writing in such order.

28 U.S.C. § 1292(b) (emphasis added). The decision to grant certification lies within the sound discretion of the district court.

**A. Controlling Question of Law**

In order to obtain interlocutory review under § 1292(b), Respondent must point to "a controlling question of law about which there is substantial ground for difference of opinion." Mere disagreement with the court's ruling is insufficient. *See United States v. Grand Trunk W.R.R,* 95 F.R.D. 463, 471 (W.D. Mich. 1981).

The State asserts that this court's *Rhines* ruling identified and resolved "a controlling question of law"—the meaning of "good cause" under *Rhines*. The State notes that without deciding what the term meant and that Kell had met the standard, the court could not have granted Kell's *Rhines* motion. Although Kell argues that the court did not explicitly articulate a standard in its Memorandum Decision and Order, a close look at the order shows that the court adopted the lower *Blake* standard. The court noted that ineffective assistance of post-conviction counsel would satisfy *Rhines* good cause only under *Blake*'s lower standard, and then found that "post-conviction counsel's deficient performance" in Kell's case "constitutes cause under *Rhines*." (ECF No. 258 at 5.)

The parties agree that "controlling question[s] of law" under § 1292(b) include questions that (1) are "serious to the conduct of the litigation, either practically or legally," *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 755 (3d Cir. 1974); (2) could "affect the ability of the district court to render a binding decision" or "materially affect the outcome of the litigation in the district

2

court," *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1027 (9th Cir. 1981); or (3) "might save time for the district court, and time and expense for the litigants," *Johnson v. Burken,* 930 F.2d 1202, 1206 (7th Cir. 1991). This court's good cause determination, and the resulting stay, fits each of these.

First, the court must consider whether its decision to grant a limited stay as to claim 3(F) is serious to the conduct of the litigation, either practically or legally. Kell argues that it has no bearing on the court's ability to substantively decide his claims (citing *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1027 (9th Cir. 1981)). He argues that a stay order "merely regulate[s] the course of the proceedings" (citing *Swanson v. DeSantis,* 606 F.3d 829, 932 (6th Cir. 2010)). The court disagrees. The *Rhines* order clearly bears on this court's ability to reach claim 3(F) because, without a stay that enables Kell to exhaust the claim, it remains unexhausted and beyond merits review. The court's order permits Kell to exhaust the claim and then present it in this court for merits review. Whether Kell met the *Rhines* "good cause" standard thus has a substantial effect on this court's ability to reach the merits of Kell's claim. For this reason the question could "materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1027. Thus, the question of what constitutes good cause under *Rhines* is a controlling question of law.

### B. Substantial Ground for Difference of Opinion

The standard for a substantial ground for difference of opinion is met "where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope, Inc.,* 611 F.3d 629 (9th Cir. 2010) (internal citation omitted). The State fails to meet this requirement. While this court recognized that some

3

district courts have reached different conclusions about what is required to show good cause for a *Rhines* stay (see ECF No. 258, at 3), the decisions in this district which have addressed the issue have predominantly applied the standard adopted in *Blake v. Baker,* 745 F.3d 977 (9th Cir. 2014) and *Rhines v. Weber*, 408 F.Supp. 844, 848-49 (D.S.D 2005) (*Rhines II*). Some of these courts have granted stays based on that standard (*see, e.g., Archuleta v. Crowther*, No. 2:07-CV-630, ECF No. 107 (D. Utah, Nov. 12, 2014); and *Taylor v. Turley*, No. 2:07-CV-194, ECF No. 45 (D. Utah, Feb. 14, 2008)), while others have adopted the standard but have denied the stay for other reasons, *see, e.g.*, *Lafferty v. Crowther,* No. 2:07-CV-322, ECF No. 379 (D. Utah, Oct. 30, 2015); and *Honie v. Crowther,* 2:07-CV-628, ECF No. 120 (D. Utah, Dec. 13, 2017).

One Utah case, *Carter v. Friel*, 415 F.Supp.2d 1314 (D. Utah 2006), followed *Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1207 (C.D. Cal. 2005), a case in which the district court reached a different conclusion about the good cause standard. In the absence of other guidance, the *Hernandez* court found an analogy to the standard applied in procedural default cases and applied what it referred to as an objective standard. But as this court observed, the *Hernandez* analysis was subsequently rejected by the Ninth Circuit in *Blake*. Although *Carter,* which was decided only a year after *Rhines,* followed *Hernandez*, the court did not have the benefit of the later analysis by the Ninth Circuit in *Blake*. No court in this district has since followed *Carter*. Moreover, the *Carter* court, upon remand from the Tenth Circuit, recently granted a *Rhines* stay in the same case to allow Carter to exhaust some of his claims in state court. *Carter v. Crowther*, 2:02-CV-326, ECF No. 576, 2016 WL 843273 (D. Utah, March 1, 2016).

Thus, the present state of the law is that in this district the predominant trend is to follow the *Blake* good cause standard. Given this trend, there is not sufficient basis to find a difference of opinion on which standard should apply. The State also fails to cite to a difference among the

circuits. There is not a substantial disagreement among any binding authorities that a standard other than the one applied by the court in this case should apply. Under these precedents, there is no substantial ground for an interlocutory appeal.

**C. Materially advance the ultimate termination of the litigation**

Having found no substantial ground for difference of opinion, this court need not consider whether an immediate appeal from the *Rhines* order "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). However, it does not appear that an immediate appeal would necessarily materially advance the termination of the litigation. This court granted "a limited stay and abeyance *only* with respect to Claim 3(F)" of Mr. Kell's Amended Petition. (ECF No. 258 at 11-12 ) (emphasis in original). The court did not grant a stay with respect to any other claim in the petition. So while Mr. Kell returns to state court to exhaust Claim 3(F), this court will move forward in deciding the remainder of Mr. Kell's claims. The only way that an interlocutory appeal would advance the ultimate termination of the litigation, is if the Tenth Circuit were to decide the "good cause" standard differently than this court did, and if Kell were unable to prove good cause under the different standard, meaning he would not be entitled to a Rhines stay, so the entire petition could be decided immediately. *See Rhines,* 544 U.S. at 276–78. If the stay order were affirmed, on the other hand, "the interlocutory appeal would have delayed the ultimate termination of this case rather than advanced it." *See Valdovinos v. McGrath,* 2007 WL 2023505 at *4 (N.D.Cal. July 12, 2007).

For the above reasons, the court hereby DENIES Respondent's Motion to Amend *Rhines* Order to Include Certification Under 28 U.S.C. § 1292(b). (ECF No. 261.)

5

IT IS SO ORDERED.

DATED this 8th day of February, 2018.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Court Judge