# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TROY MICHAEL KELL,<br><br>Plaintiff,<br><br>v.<br><br>BART MORTENSEN,<br>Warden of the Utah State Prison,[1]<br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>2:07-CV-00359-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Over six years ago, on November 16, 2017, this court issued a stay and abeyance in the above-captioned federal habeas corpus proceeding, pending exhaustion of one of Troy Kell's claims in state court. *See* Dkt. No. 258. Mr. Kell filed a state post-conviction petition, which the state district court dismissed. On December 21, 2023, the Utah Supreme Court denied Mr. Kell's appeal of that dismissal, thus concluding the state court proceedings. Because Mr. Kell has litigated his unexhausted claim through the highest state court, the Utah Supreme Court, the purpose for the stay has now ended. Therefore, this court hereby lifts the stay.

Mr. Kell now asks this court to order the parties to meet and confer about developing a briefing schedule. *See* Dkt. No. 310 at 2. He argues that when a *Rhines* stay is lifted after exhaustion in state court, it is customary and appropriate for the petitioner to file an amended petition and for the parties to meet and confer about a timeline for briefing the amended pleading. According to Mr. Kell, this allows the parties to update recently exhausted claims to

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Bart Mortensen is substituted for his predecessor, Robert Powell.

reflect the procedural and factual findings of the state court. It also allows the petitioner to present supplemental legal arguments pertinent to the state court's findings and address any material changes in the law occurring during pendency of the state court litigation. While this is true, only limited additional briefing is warranted in this case.

## Background

As the State points out, this crime's facts are not in dispute: in 1994—nearly thirty years ago—a prison videotape captured avowed white supremacist Troy Kell stabbing African American and fellow inmate Lonnie Blackmon sixty-seven times in the eyes, face, neck, and back, until he bled to death. Mr. Kell was already serving a life-without-parole sentence for murder when he killed Blackmon. *See generally State v. Kell*, 61 P.3d 1019 (Utah 2002) (*Kell I*).

A jury convicted Mr. Kell of capital murder and sentenced him to death, and the Utah Supreme Court affirmed his conviction and sentence. *See id.* The Utah Supreme Court later affirmed the denial of Mr. Kell's state post-conviction petition. *See Kell v. State*, 194 P.3d 913 (Utah 2008) (*Kell II*). Mr. Kell then filed a Rule 60(b) motion to set aside the post-conviction judgment.

In 2009, Mr. Kell filed a federal habeas petition in this court raising thirty-two claims for relief that mirrored claims in Mr. Kell's state rule 60(b) motion. *See* Dkt. No. 36. Shortly afterward, Mr. Kell sought, and received, his first stay of this case under *Rhines v. Weber*, while he pursued rule 60(b) relief in the state courts. *See* Dkt. No. 40-41, 51. In 2012 the Utah Supreme Court affirmed the denial of Mr. Kell's rule 60(b) motion to set aside the post-conviction judgment. *See Kell v. State*, 285 P.3d 1133 (Utah 2012) (*Kell III*). Mr. Kell returned to this court, and the *Rhines* stay was lifted.

Mr. Kell filed his Amended Petition for writ of Habeas Corpus in this court on January 14, 2013. *See* Dkt. No. 94. The Government filed its Response on September 3, 2013. *See* Dkt. No. 106. And Mr. Kell filed his Reply on January 24, 2014. *See* Dkt. No. 115. The Amended Petition has been comprehensively briefed, including the issue of whether the State's procedural bars in the Postconviction Remedies Act are independent and adequate. *See* Dkt. No. 106 at 20-22; Dkt. No. 115 at 8-13.

In April 2014, Mr. Kell moved for discovery to support ten claims in his petition, including four sub-claims that he conceded were unexhausted. *See* Dkt. No. 126 at 28 (acknowledging that claims 15(E), 15(P), 17(B), and 17(C) "were not adjudicated on the merits in state court"). In December 2014, this Court granted Mr. Kell's motion on all but one of the claims for which he sought discovery. *See* Dkt. No. 143. Discovery lasted over two years, while Respondent and the Utah Department of Corrections provided Mr. Kell's counsel "several thousands of pages" that included sensitive materials, responded to interrogatories and other discovery requests, and defended depositions. Dkt. No. 170 at 2-3; *see generally* Dkt. Nos. 174-204.

In 2017, after discovery closed, Mr. Kell filed a motion for an evidentiary hearing on six claims in his federal petition, including claims that he had not exhausted in state court. *See* Dkt. No. 206. Two months later, after hearing argument on Mr. Kell's motion for an evidentiary hearing, this Court denied it from the bench. The court then set a hearing on Mr. Kell's amended federal habeas petition. *See* Dkt. No. 236.

The court held the hearing on the Amended Petition on August 11, 2017. *See* Dkt. Nos. 243, Dkt. 252. At this hearing the court confirmed that Mr. Kell had withdrawn the following claims from the petition: Three (A), (B), and (C); Four; Seven; Ten; Thirteen (A) and (B);

Fifteen (B), (C), (D), (H), (J), (M) and (O); Seventeen (F) and (J); Eighteen; Twenty-One; and Twenty-Two (B), (E) and (F). *See* Dkt. No. 243.

The court also heard discussion and argument on claims it believed to be technically exhausted and procedurally defaulted, specifically Mr. Kell's arguments that claims Three (D) and Three (F) should not be treated as exhausted and should be the subject of an additional *Rhines* motion, and that the following claims should be treated as exhausted but not procedurally defaulted: Seventeen (G) and Twenty-Two (C) that were raised in Mr. Kell's state Rule 60(B) motion, and Thirteen (E) and (G) and Twenty-Five (F) that were raised in Mr. Kell's direct appeal. Neither party presented argument on a number of claims that the court had identified as being procedurally barred and thus procedurally defaulted.

Finally, the court heard discussion and argument on the merits of Mr. Kell's exhausted claims, specifically Claims One, Five, and Twenty-Five (C). Claims Six, Thirteen, and Nineteen (C), (D), and (F) were submitted on the briefing. The court then took the matter under submission and said that it would issue a written ruling on the petition.

Shortly thereafter, Mr. Kell filed a written motion for a *Rhines* stay so that he could return to state court to exhaust claims 3(D) and 3(F). *See* Dkt. No. 245. On November 16, 2017, this court denied Mr. Kell a stay on claim 3(D), but granted "a limited stay and abeyance *only* with respect to Claim 3(F) of [Mr. Kell's] Amended Petition, so that he [might] properly exhaust that claim in the state court." Dkt. No. 258 (emphasis in the original). The court ordered to notify it immediately upon the resolution of the state court proceedings.

In 2018, Mr. Kell filed a petition for postconviction relief on claim 3(F) in state court. Later that year the state district court denied Mr. Kell postconviction relief, ruling that the claim was both time-barred and procedurally barred under Utah's Postconviction Remedies Act. On

December 21, 2023, the Utah Supreme Court affirmed the denial of postconviction relief on Mr. Kell's petition, determining that Mr. Kell "sat" on his claim for over five years before presenting it to the state courts, and it was both time-barred and procedurally-barred under Utah's Postconviction Remedies Act (PCRA). *Kell v. State,* 2023 UT 37, ___ P.4th ___, ¶41.

The parties have already litigated—in both briefing and oral argument—Mr. Kell's challenges to the independence and adequacy of the PCRA's time and procedural bars and his arguments that *Martinez* and *Trevino* should excuse his procedural default. *See* Dkt. No. 106 at 20-22,26-39 (Respondent's response to petition); Dkt. No. 115 at 8-23 (Mr. Kell's reply); Dkt. No. 206 at 5-7 (Mr. Kell's motion for evidentiary hearing); Dkt. No. 227 at 7-27 (Respondent's opposition to motion for evidentiary hearing); Dkt. No. 232 (Mr. Kell's reply); Dkt. No. 236 (minute entry); Dkt. No. 243 (minute entry).

The 2017 Order Granting in Part and Denying in Part Petitioner's Motion to Stay made it clear that the court was granting "a limited stay and abeyance only with respect to Claim 3(F) of his Amended Petition, so that [Mr. Kell] may properly exhaust that claim in the state court." Dkt. No. 258 at 12. Mr. Kell has exhausted the claim and returned to this court. The only briefing that Mr. Kell is entitled to is related to Claim 3(F). This court will allow him to amend Claim 3(F) to the extent that any significant legal changes have transpired since the currently operative petition was filed. The court will not allow briefing that is repetitive, cumulative or that serves only to delay these federal proceedings.

As the Government correctly noted, AEDPA is meant "to reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Rhines v.Weber*, 544 U.S. 269, 276 (2005). The United States Supreme Court has recently confirmed that "a federal habeas court may *never* 'needlessly prolong' a habeas case

. . . particularly given the 'essential' need to promote the finality of state convictions." *Shinn v. Ramirez*, 596 U.S. 366, 390 (2022) (quoting, in order of internal quotations, *Cullen v. Pinholster*, 563 U.S. 170, 209 (Sotomayor, J. dissenting); *Calderon v. Thompson*, 523 U.S. 539, 555 (1998); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)).

## Conclusion

The *Rhines* stay is hereby lifted. The court will allow Mr. Kell 28 days to amend Claim 3(F) of his Amended Petition to the extent that any significant legal changes have transpired since the currently operative petition was filed. The Government will then have 28 days to amend its response to Claim 3(F). And Mr. Kell will then have 14 days to reply to the Government's response. Because the remainder of Mr. Kell's federal habeas petition has been fully litigated, briefed, and submitted for decision after oral argument in 2017, this court will then move forward in ruling on the amended petition.

**IT IS SO ORDERED.**

DATED this 7th day of February, 2024.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Court Judge