GINGER JARVIS (6411)
DANIEL W. BOYER (14602)
Assistant Solicitors General
DEREK E. BROWN (10476)
Utah Attorney General
Heber Wells Bldg.
160 East 300 South, 6th Floor
P.O. Box 140854
Salt Lake City, Utah 84114-0854
Telephone: (801) 366-0180
gingerjarvis@agutah.gov
dboyer@agutah.gov

Respondent's counsel

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TROY MICHAEL KELL,<br><br>Petitioner,<br><br>vs.<br><br>BART MORTENSEN, Warden Utah State Prison,<br><br>Respondent. | MOTION FOR EXPEDITED CONSIDERATION<br><br><br>Case No. 2:07-CV-00359-HCN<br><br>Judge Howard C. Nielson, Jr. |

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), Federal

Rule of Civil Procedure 7(b), and Local Civil Rules 7-1 and 7-3, Respondent respectfully

requests that the Court expedite review of capital petitioner Troy Kell's petition for a writ of habeas corpus.

## Background

The crime's facts are not in dispute: in 1994—over thirty years ago—a prison videotape captured avowed white supremacist Troy Kell stabbing African American and fellow inmate Lonnie Blackmon sixty-seven times in the eyes, face, neck, and back, until he bled to death. Kell was already serving a life-without-parole sentence for murder when he killed Blackmon. *See generally State v. Kell*, 61 P.3d 1019 (Utah 2002) (*Kell I*).

A jury convicted Kell of capital murder and sentenced him to death, and the Utah Supreme Court affirmed his conviction and sentence. *Id.* And the Utah state courts have denied Kell post-conviction relief at every turn. *Kell v. State*, 194 P.3d 913 (Utah 2008) (*Kell II*); *Kell v. State*, 285 P.3d 1133 (Utah 2012) (*Kell III*); *Kell v. State*, 541 P.3d 940 (Utah 2023) (*Kell IV*). Kell received two *Rhines* stays in this Court, the last of which culminated in the Utah Supreme Court affirming denial of postconviction relief on Kell's federal claim 3(F). *Kell IV*, 541 P.3d 940. This was Kell's fourth time before the Utah Supreme Court. *Id.* at 941.

In February of last year, this Court lifted the second *Rhines* stay and allowed the parties to file supplemental briefing on Kell's claim 3(F). ECF No. 321. This Court observed that the remainder of Kell's federal habeas petition had been "fully litigated, briefed, and submitted for decision after an oral argument it held in 2017." *Id.* at 6. And

this Court stated that, after briefing on 3(F) was complete, it would "move forward in ruling on the amended petition." *Id.*

Briefing on claim 3(F) was completed on July 2, 2024, when Respondent filed—with this Court's permission—a surreply in opposition to claim 3(F). ECF Nos. 332,334.

Kell's petition has thus been fully litigated and ripe for decision for over a year.

### Argument

AEDPA is meant "to reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Rhines*, 544 U.S. at 276. And the Supreme Court has recently confirmed that "a federal habeas court may *never* 'needlessly prolong' a habeas case,…particularly given the 'essential' need to promote the finality of state convictions." *Shinn v. Ramirez*, 596 U.S. 366, 390 (2022) (quoting, in order of internal quotations, *Cullen v. Pinholster*, 563 U.S. 170, 209 (Sotomayor, J. dissenting); *Calderon v. Thompson*, 523 U.S. 539, 555 (1998); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)).

To promote the State's interest in the finality of Kell's valid conviction, it respectfully requests that this Court expedite review of Kell's petition and render a final decision at its earliest convenience. Kell's state court conviction is now over twenty-seven years old. His amended federal habeas petition has been before this Court for over a decade. And, following Kell's last *Rhines* stay, the petition has been ripe for decision for over a year.

This delay exacerbates the "harm to federalism that federal habeas review necessarily causes." *Davila v. Davis*, 582 U.S. 521, 537 (2017). In *Davila*, the United States Supreme Court reiterated that federal habeas review of state convictions intrudes on state sovereignty in ways nearly unmatched by other exercises of federal authority because "it frustrates both the State's sovereign power to punish offenders and their good-faith attempts to honor constitutional rights." *Id.* (cleaned up). It also degrades the prominence of the state trial, disturbs the State's significant interest in repose for concluded litigation, and denies society the right to punish some admitted offenders. *Id.* (cleaned up).

### Conclusion

For these reasons, Respondent respectfully requests that the Court expedite consideration of Kell's federal habeas petition and, for the reasons provided in Respondent's previously submitted responses, deny Kell's petition.

DATED July 11, 2025

DEREK E. BROWN
Utah Attorney General

/s/ Daniel W. Boyer

Daniel W. Boyer
Assistant Solicitor General
Attorney for Respondent

4